IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILL ROBERTSON BROWN,** No. 03641-043,

       **Petitioner,**

                                      No. 11-cv-479-DRH

vs.

**WENDY ROAL-WARNER,**

       **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Marion, Illinois ("Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his inmate security classification. Petitioner does not seek to challenge his conviction in this proceeding.

Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 1, p. 3). *United States v. Brown*, Case No. 02-cr-00065-WJG-1 (S.D. Miss.).[1] Petitioner was sentenced to 188 months imprisonment as an armed career criminal, under 18 U.S.C. § 924(e)(1). He did not appeal his

---

1. The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) in order to determine petitioner's criminal and litigation history. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

conviction or sentence. Petitioner later sought relief pursuant to 28 U.S.C. § 2255, but that motion was denied (Doc. 34 in Case No. 02-cr-00065-WJG-1 (S.D. Miss.)). In addition to the Section 2255 motion being untimely, the court noted that petitioner's challenge to his custody classification was not properly brought in that proceeding. Instead, petitioner would be required to bring any challenge to the manner in which the Bureau of Prisons ("BOP") carried out his sentence in a petition filed under 29 U.S.C. § 2241 in the district where he was incarcerated. *Id.* Petitioner has renewed that challenge in the instant petition.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

**The Petition**

Petitioner was arrested on a state charge of possession of a weapon by a convicted felon in July 2002, after he turned himself in to Jackson County, Mississippi, police (Doc. 1, p. 3). He then was charged with the federal offense (to which he later pled guilty) and the state charge was dismissed (Doc. 1, p. 3; Doc. 1-1,

pp. 2-3).

During petitioner's incarceration in Marion, his security level classification was moved from "moderate" to "greatest" (Doc. 1-2, pp. 2-3). Petitioner challenged that action in March 2009, and requested his classification be returned to "moderate" (Doc. 1-2, p. 3). The warden denied his request, stating that the documentation of "offense behavior" regarding petitioner's conviction showed that he had pointed a weapon at another person and threatened that person's life (Doc. 1-2, p. 2). Such conduct is considered a "greatest" severity offense under the BOP's Offense Severity Scale. *Id.* The counselor's comments indicate that the change to "greatest" severity was made to correct an error (Doc. 1-2, p. 3). Later responses to petitioner's appeals state that the conduct at issue was documented in his Pre-Sentence Investigation ("PSI") report (Doc. 1-2, pp. 5, 8).

Petitioner argues that he was never charged or found guilty of the offense of threatening anyone with a gun, and this allegation was not in his indictment, therefore the BOP acted improperly in basing his security classification on this conduct (Doc. 1, p. 4). He further asserts that the information contained in his PSI was false or inaccurate (Doc. 1-2, pp. 6, 9).

**Analysis**

A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence, as petitioner recognizes in his application for relief (Doc. 1, pp. 2-3). *See Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). A petition for a writ of

habeas corpus is the proper route, "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation[.]" *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). However, changes in a prisoner's security level classification cannot be attacked using Section 2241. *See Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999) (habeas is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in some meaningful sense"). The change in classification petitioner desires, even if granted, would not result in a "quantum change" in his level of custody.

The BOP, under 18 U.S.C. § 4081, is given broad discretion to assign security classifications to prisoners in its custody. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Congress, through 18 U.S.C. § 4081, has given federal officials full discretion to control prisoner classification). *See also Marchesani v. McCune*, 531 F.2d 459, 462 (10th Cir. 1976) ("the control and management of federal penal institutions lies within the sound discretion of the responsible administrative agency, and judicial review [of an inmates' prison classification] will be granted only upon a showing that prison officials have exercised their discretionary powers in such a manner as to constitute clear abuse or caprice"). Petitioner's allegations do not indicate that the officials who determined his security classification abused their discretion or acted in a capricious manner. It was within their discretion to consider

documentation of petitioner's offense conduct, such as the information in his PSI, when assigning his security level.

In addition, it is well established that no constitutional violation occurs when a prisoner is improperly classified. "[P]risoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)); s*ee also Moody*, 429 U.S. at 88 n.9 (due process protections are not implicated by prisoner classification within the BOP). The Seventh Circuit has recognized that a prisoner "does not possess sufficient statutory or constitutional entitlement in his classification or eligibility for institutional programs to trigger due process protection." *Solomon v. Benson*, 563 F.2d 339, 342 (7th Cir. 1977) (citing *Moody*, 429 U.S. at 88). Therefore, if petitioner were to pursue his claim in an action filed under 42 U.S.C. § 1983, the allegations made here would not state a constitutional claim upon which relief may be granted.

## Disposition

For the reasons stated above, Section 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Signed this 22nd day of February, 2012.

David R. Herndon
2012.02.22
15:44:32 -06'00'

**Chief Judge**
**United States District Court**